UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

MARLA LENNON

        Plaintiff,

        v.                          **REPORT AND RECOMMENDATION**
                                    **08-CV-1123 (LEK)**

MICHAEL J. ASTRUE
COMMISSIONER OF SOCIAL SECURITY,

        Defendant,

## I.    Introduction

Plaintiff Marla Lennon brings this action pursuant to the Social Security Act ("the Act"), 42 U.S.C. §§ 405(g), 1383(c)(3), seeking review of a final decision of the Commissioner of Social Security ("Commissioner"), denying her application for Disability Insurance Benefits ("DIB").[1] Specifically, Plaintiff alleges that the decision of the Administrative Law Judge ("ALJ") was not supported by substantial evidence and contrary to the applicable legal standards. The Commissioner argues that the decision was supported by substantial evidence and made in accordance with the correct legal standards.

## II.    Background

Plaintiff applied for DIB on September 19, 2005, alleging an onset date of May 9, 2001 (R. at 21).[2] On November 15, 2005, her application was granted, with an onset date of February 1, 2005 (R. at 34). Plaintiff filed a request for a hearing on December 6, 2005, to appeal the later onset date (R. at 32).

---

[1] This case was referred to the undersigned for Report and Recommendation, by the Honorable Norman A. Mordue, pursuant 28 U.S.C. § 636(b)(1)(B), by an Order dated December 10, 2009.
[2] Citations to the underlying administrative record are designated as "R."

1

On August 31, 2006, Plaintiff appeared before the ALJ (R. at 282-309). Plaintiff testified that she was unable to work because of depression, anxiety, and a general inability to handle stress (R. at 284-309).[3] The ALJ considered the case *de novo* and, on September 28, 2006, issued a decision finding Plaintiff not disabled from May 9, 2001, her alleged onset date, through January 31, 2005, the day prior to her finding of disability (R. at 16-20). The ALJ's decision became the Commissioner's final decision in this case when the Appeals Council denied Plaintiff's request for review on April 26, 2008 (R. at 6-9). On October 20, 2008, Plaintiff filed this action.

Pursuant to General Order No. 18, issued by the Chief District Judge of the Northern District of New York on September 12, 2003, this Court will proceed as if both parties had accompanied their briefs with a motion for judgment on the pleadings.[4]

### III.    Discussion

#### A.    Legal Standard and Scope of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383 (c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. Johnson v. Bowen, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the

---

[3] Plaintiff also alleged, in a disability report, that "arthri[tis] and knee damage" contributed to her disability (R. at 46). However, that disability report was completed after her knee injury on January 31, 2005 (R. at 92). Plaintiff's attorney stated, at the hearing, that Plaintiff was alleging a disability solely due to limitations caused by her mental impairments (R. at 293-94).

[4] Although no motion for judgment on the pleadings was filed, the moving party was excused from such filing under General Order No. 18, which states in part: "The Magistrate Judge will treat the proceeding as if both parties had accompanied their briefs with a motion for judgment on the pleadings . . . ." General Order No. 18. (N.D.N.Y. Sept. 12, 2003).

ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); see Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams ex rel. Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

The Commissioner has established the following five-step sequential evaluation

process[5] to determine whether an individual is disabled as defined under the Social Security Act. See 20 C.F.R. §§ 416.920, 404.1520. The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987), and it remains the proper approach for analyzing whether a claimant is disabled.

While the claimant has the burden of proof as to the first four steps, the Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n. 5; Ferraris v. Heckler, 728 F.2d 582 (2d Cir.1984).

The final step of the inquiry is, in turn, divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his or her physical ability, age, education, and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. §§ 416.920(g); 404.1520(g); Heckler v. Campbell, 461 U.S. 458, 460, 103 S.Ct. 1952, 76 L.Ed.2d 66 (1983).

---

[5]The five-step process is detailed as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant has such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam); see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. §§ 416.920, 404.1520.

Based on the entire record, the Court recommends remand for failure to properly evaluate Plaintiff's credibility as well as for failure to correctly apply the treating physician rule.

**B.     Analysis**

**1.  The Commissioner's Decision**

In this case, the ALJ made the following findings with regard to factual information as well as the five-step process set forth above: (1) Plaintiff met the insured status requirements of the Act through December 31, 2007 (R. at 19); (2) Plaintiff did not engage in substantial gainful activity from May 9, 2001, through January 31, 2005 (R. at 19); (3) "During the closed period at issue, [Plaintiff] had depression. However . . . [Plaintiff] did not have any impairment or combination of impairments that significantly limited her ability to perform basic work-related activities. Therefore, [Plaintiff] did not have a 'severe' impairment during the closed period at issue" (R. at 19); (4) Plaintiff's "statements about her symptoms and limitations during the closed period at issue [we]re not supported by the record" (R. at 19). Because, the ALJ found Plaintiff was not afflicted with a severe impairment from May 9, 2001, through January 31, 2005, the ALJ determined that Plaintiff was not under a disability during that time period (R. at 18, 20).

**2.  Plaintiff's Claims:**

Plaintiff argues that the ALJ's decision is neither supported by substantial evidence nor made in accordance with the proper legal standards. Specifically, Plaintiff argues that a) the ALJ erred in evaluating Plaintiff's credibility with respect to her subjective complaints concerning her mental limitations; b) the ALJ erred in evaluating the opinions from Plaintiff's treating physician, Dr. Susan Skarp; and c) the Appeals

Council erred in failing to remand based on new evidence submitted by Dr. Skarp.

### a) The ALJ Erred in Evaluating Plaintiff's Credibility

Plaintiff argues that the ALJ failed to properly evaluate her credibility with respect to her subjective complaints concerning her mental limitations. Plaintiff's Brief, p. 3.

Plaintiff testified, generally, that she was unable to work due to depression, anxiety, and an overall inability to handle stress (R. at 285-309). For example, Plaintiff testified that she felt as though she "was going to have a nervous breakdown" (R. at 297, 299); at one point she "cried to [her doctor] all through [her] whole lunch hour" (R. at 300); her "nerves were bad" (R. at 301); and she wanted to "take [her] body, put it in the corner, put a blanket over [her] head and just stay there for like three days" (R. at 307).

"In determining whether you are disabled, we consider all your symptoms."[6] 20 C.F.R. § 404.1529(a). To this end, the ALJ must employ a two-step analysis by first determining whether the claimant has medically determinable impairments, "which could reasonably be expected to produce the pain or other symptoms alleged." 20 C.F.R. § 404.1529(a); S.S.R. 96-7p, 1996 WL 374186, at *2. Second, if medically determinable impairments are shown, then the ALJ must evaluate the intensity, persistence, and limiting effects of the symptoms to determine the extent to which they limit the claimant's capacity to work. S.S.R. 96-7p, 1996 WL 374186, at *2; 20 C.F.R. § 404.1529(c); Borush, 2008 WL 4186510, at *12. Because "an individual's symptoms can sometimes suggest a greater level of severity of impairment than can be shown by the objective medical evidence alone," S.S.R. 96-7p, 1996 WL 374186, at *3, an ALJ will

---

[6] "A symptom is an individual's own description of his or her physical or mental impairment(s)." S.S.R. 96-7p, 1996 WL 374186, at *2.

consider the factors listed in the regulations.[7] 20 C.F.R. §§ 416.929(c)(3)(i)-(vii).

If the ALJ finds Plaintiff's contentions concerning her symptoms are not credible, he or she must state her reasons "explicitly and with sufficient specificity to enable the Court to decide whether there are legitimate reasons for the ALJ's disbelief." Young v. Astrue, 2008 WL 4518992, at *11 (N.D.N.Y. Sept. 30, 2008) (quoting Brandon v. Bowen, 666 F.Supp 604, 608 (S.D.N.Y. 1987)).

Here, the ALJ failed to complete the required two-step analysis. Instead, the ALJ summarily concluded that Plaintiff's "statements about her symptoms and limitations during the closed period at issue [we]re not supported by the record" (R. at 19). The ALJ's failure to complete the required two-step process constitutes error worthy of remand. See Hogan v. Astrue, 491 F.Supp.2d 347, 352-353 (W.D.N.Y. 2007) (remanding, in part, because the ALJ failed to find whether plaintiff's impairments "could reasonably be expected to produce the pain . . . she alleged" despite noting that the ALJ "carefully review[ed]" the seven factors set forth in 20 C.F.R. §§ 404.1529(c)(3)(i)-(vii) and 416.929(c)(3)(i)-(vii)); Crysler v. Astrue, 563 F.Supp.2d 418, 442 (N.D.N.Y. 2008) (finding the ALJ's credibility analysis flawed, in part, because he failed to make the necessary finding at step one); see also Johnson v. Bowen, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to

---

[7] The listed factors are: (i) claimant's daily activities; (ii) location, duration, frequency, and intensity of claimant's symptoms; (iii) precipitating and aggravating factors; (iv) type, dosage, effectiveness, and side effects of any medication taken to relieve symptoms; (v) other treatment received to relieve symptoms; (vi) any measures taken by the claimant to relieve symptoms; and (vii) any other factors concerning claimant's functional limitations and restrictions due to symptoms. 20 C.F.R. §§ 416.929(c)(3)(i)-(vii).

have her disability determination made according to the correct legal principles.").

Furthermore, the ALJ failed to engage in any meaningful discussion of the factors. Indeed, the ALJ's finding that Plaintiff's "statements . . . [we]re not supported by the record" was the ALJ's sole discussion of Plaintiff's credibility. This also is error. See Fox v. Astrue, 2008 WL 828078, at *14 (N.D.N.Y. March 26, 2008) (remanding the case, in part, because the ALJ failed to discuss many of the factors).

Based on the foregoing, the Court recommends remand to allow the ALJ an opportunity to reevaluate Plaintiff's credibility.

### b) The ALJ Erred in Applying the Treating Physician Rule

Plaintiff argues that the ALJ erred in evaluating the opinions from Plaintiff's treating physician, Dr. Skarp. Plaintiff's Brief, pp. 2-3.

Dr. Skarp treated Plaintiff throughout the relevant time period for various illnesses and impairments, including her depression and anxiety. On August 29, 2006, Mr. Peter Margolius, Plaintiff's attorney, requested that Dr. Skarp complete a form entitled Medical Source Statement ("MSS") of Ability to do Work-Related Activities (Mental) (R. at 256). Mr. Margolius asked that Dr. Skarp assess Plaintiff's mental limitations for 2001 and 2002, a time falling within the relevant period.[8] Id. Dr. Skarp completed the form that same day (R. at 257-58).

Dr. Skarp opined that Plaintiff's ability to understand, remember, and carry out instructions was not affected by her mental impairments (R. at 257). However, Dr. Skarp opined that Plaintiff had a moderate limitation in her abilities to interact appropriately with the public; interact appropriately with supervisor(s); respond appropriately with co-

---

[8] Plaintiff alleged an onset date of May 9, 2001 (R. at 21). Plaintiff was granted disability with an onset date of February 1, 2005 (R. at 34).

8

workers; and respond appropriately to changes in a routine work setting (R. at 258). Finally, Dr. Skarp found that Plaintiff had a marked limitation in her ability to respond to work pressures in a usual work setting. Id.

According to the "treating physician's rule,"[9] the ALJ must give controlling weight to the treating physician's opinion when that opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 404.1527(d)(2); see also Green-Younger v. Barnhart, 335 F.3d 99, 105 (2d Cir. 2003); Shaw v. Chater, 221 F.3d 126, 134 (2d Cir. 2000). "Failure to provide 'good reasons' for not crediting the opinion of a claimant's treating physician is ground for remand." Snell v. Apfel, 177 F.3d 128, 133 (2d Cir. 1999) (citing Schaal v. Apfel, 134 F.3d 496, 505 (2d Cir. 1998)).

Even if a treating physician's opinion is deemed not to be deserving of controlling weight, an ALJ may nonetheless give it "extra weight" under certain circumstances. Under 20 C.F.R. § 404.1527(d)(1)-(6), the ALJ should consider the following factors when determining the proper weight to afford the treating physician's opinion if it is not entitled to controlling weight: (1) length of the treatment relationship and the frequency of examination, (2) nature and extent of the treatment relationship, (3) supportability of opinion, (4) consistency, (5) specialization of the treating physician, and (6) other factors. See de Roman, 2003 WL 21511160, at *9 (citing C.F.R. § 404.1527(d)(2)); see also Shaw, 221 F.3d at 134; Clark v. Comm'r of Soc. Sec., 143 F.3d 115, 118 (2d Cir. 1998).

---

[9] "The 'treating physician's rule' is a series of regulations set forth by the Commissioner in 20 C.F.R. § 404.1527 detailing the weight to be accorded a treating physician's opinion." de Roman v. Barnhart, 2003 WL 21511160, at *9 (S.D.N.Y. July 2, 2003).

The ALJ failed to properly evaluate Dr. Skarp's opinions in accordance with the Regulations. The ALJ effectively dismissed Dr. Skarp's MSS because she found Dr. Skarp's treatment notes failed to contain the necessary clinical diagnostic techniques to support the opinions (R. at 18-19). However, although the ALJ clearly discounted Dr. Skarp's opinions, she failed to state the weight she afforded to Dr. Skarp's MSS. Indeed, the ALJ failed to weigh any medical opinions of record. This is error worthy of remand. See Rodriguez v. Astrue, 2009 WL 637154, at *27 (S.D.N.Y. Mar. 9, 2009) (finding error where the ALJ simply stated he was not granting Plaintiff's treating physicians controlling weight); 20 C.F.R. § 404.1527(d) ("Regardless of its source, we will evaluate every medical opinion we receive."); see also Johnson v. Bowen, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles.").

As previously stated, although the ALJ erroneously failed to state the weight afforded to Dr. Skarp's MSS, it is clear that she effectively dismissed Dr. Skarp's opinions for an apparent lack of clinical diagnostic techniques. However, the Court need not reach whether the ALJ's dismissal of these opinions was proper because significant new evidence from Dr. Skarp was submitted to the appeals council (R. at 6-9). The evidence consisted of progress reports and medical statements from Dr. Skarp dated June 28, 2001, through May 1, 2002 (R. at 273-81). These reports diagnosed Plaintiff with depression and anxiety, and also indicated symptoms and medications. Id. The

new evidence became part of the record when the Appeals Council denied Plaintiff's request for review (R. at 6-9); Perez v. Chater, 77 F.3d 41, 45-46 (2d Cir. 1996). This new evidence may impact the ALJ's evaluation of Dr. Skarp's MSS. On remand, the ALJ must necessarily reevaluate Dr. Skarp's opinions, including the new evidence. Thus, the Court need not determine whether the ALJ's dismissal of Dr. Skarp's opinions was proper.

Based on the foregoing, the Court recommends remand to allow the ALJ to properly evaluate and state the weight she granted to Dr. Skarp's opinions. On remand, the ALJ must also consider the new evidence in evaluating those opinions.

### c) The Court Need Not Reach Whether the Appeals Council Erred

Plaintiff's final argument is that the Appeals Council erred in failing to remand based on new evidence submitted by Dr. Skarp. Plaintiff's Brief, pp. 3-4.

The Court has previously recommended remand for failure to properly evaluate Plaintiff's credibility as well as for failure to properly apply the treating physician rule. Thus, the ALJ must necessarily consider the new evidence on remand. Therefore, the Court need not reach whether the Appeals Council erred in declining to remand based on the new evidence.

## IV.   Conclusion

After carefully examining the administrative record, the Court finds that the ALJ erred in evaluating Plaintiff's credibility as well as in applying the treating physician rule. It is therefore recommended that the Commissioner's decision denying disability benefits be REMANDED for further proceedings in accordance with this recommendation and pursuant to sentence four of 42 U.S.C. Section 405(g).

Respectfully submitted,

Victor E. Bianchini
United States Magistrate Judge

DATED:   Syracuse, New York
April 23, 2010

## ORDER

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985);   *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir.1989);   *Wesolek v. Canadair Limited,* 838 F.2d 55 (2d Cir.1988).

Let the Clerk send a copy of this Report and recommendation to the attorneys for the Plaintiff and the Defendants.

SO ORDERED.

*[signature]*

Victor E. Bianchini
United States Magistrate Judge


DATED:	Syracuse, New York
	April 23, 2010